UNITED STATES of America, Plaintiff,

v.

Bountaem CHANTHADARA, Defendant.

No. 94–10128.

United States District Court,
D. Kansas.

May 13, 1996.

Gregory G. Lower, Cassell & Lower, L.L.C., Wichita, KS, Gary Peterson, Oklahoma City, OK, for defendant.

David M. Lind, Office of United States Attorney, Wichita, KS, for the U.S.

### MEMORANDUM AND ORDER

BELOT, District Judge.

Before the court are the following:

(1) defendant Chanthadara's motion to strike notice of intent to seek the death penalty (Docs. 123, 124);

---

**1.** This motion will be dealt with in a separate order.

**2.** Nguyen is charged under separate indictment for the same robbery-homicide at issue here. The government is seeking the death penalty

(2) motion for bill of particulars with respect to notice of intent to seek the death penalty (Docs. 125, 126);

(3) motion for discovery and inspection of information and evidence in aggravation (Doc. 127, 128);

(4) motion for adoption of jury selection procedures (Docs. 129, 130); [1]

(5) supplemental authority memorandum RE: motion to strike the death notice (Doc. 165); and

(6) government's responses to Chanthadara's motions (Docs. 159–162).

### BACKGROUND

Chanthadara is charged by indictment with a violation of the Hobbs Act, 18 U.S.C. § 1951 (Doc. 138, Count 1). Chanthadara is also charged with using a firearm in the commission of specified crimes, including the Hobbs Act, pursuant to 18 U.S.C. § 924(c) (Doc. 138, Count 2). These charges arise from a robbery of the Mandarin Restaurant and Club in Wichita, Kansas on November 8, 1994, during which one of the co-owners, Barbara Sun, was killed. The government is seeking the death penalty pursuant to 18 U.S.C. § 924(i)(1), which prohibits murder during the course of a violation of 18 U.S.C. § 924(c).

The court will first discuss the substantive motion attacking the constitutionality of the death penalty statute, then discuss Chanthadara's discovery requests.

### DISCUSSION

The court notes at the outset that on May 9, 1996, it issued a memorandum and order in the related case of United States of America v. Phouc H. Nguyen, No. 94–10129 (hereinafter "Order of May 9 (No. 94–10129)").[2] Given the similarity between the motions Chanthadara filed here and those addressed in the Order of May 9 (No. 94–10129), the court will often refer to and incorporate por-

---

against Nguyen and Chanthadara pursuant to 18 U.S.C. § 924(i)(1). The court will often refer in this order to the case against Nguyen as "the related case".

tions of that order, noting any differences as they arise.

### Substantive Death Penalty Challenges

Chanthadara moves to strike the death penalty notice, claiming the death penalty statute is facially unconstitutional and unconstitutional as applied to his case (Docs. 124, 125). The government has responded to the motion (Doc. 162). Chanthadara also filed a supplemental authority memorandum requesting that the court take note of *United States v. McCullah*, 76 F.3d 1087 (10th Cir. 1996), which was decided after he filed his brief (Doc. 165). The court will address each of Chanthadara's substantive arguments in turn.[3]

### I. Constitutionality of the Statutory Definition of the Capital Offense

■ Chanthadara argues that the definition of the substantive death penalty offense, 18 U.S.C. § 924(i)(1), violates the Fifth and Eighth Amendments because it singles out murders committed with firearms for death penalty eligibility (Doc. 124 at 1–3). Chanthadara raises the same arguments as Nguyen did in the related case. The court addressed these arguments in its Order of May 9, (No. 94–10129), section II. at 6–8, and incorporates that discussion here.

Accordingly, the court finds that the statutory definition of the capital offense, 18 U.S.C. § 924(i)(1), is constitutional, and Chanthadara's motion to strike the death penalty notice on this ground is denied.

### II. Constitutionality of the "Especially Heinous, Cruel or Depraved Manner" Aggravating Factor

■ Chanthadara argues that the "especially heinous, cruel or depraved" statutory aggravating factor, 18 U.S.C. § 3592(c)(6) violates the Fifth and Eighth Amendments because is it is so broad as to encompass any murder (Doc. 124 at 14–16). The court addressed this same argument in the related case in its Order of May 9, (No. 94–10129), section III.A.1. at 8–11, and incorporates that discussion here.

Accordingly, Chanthadara's motion to strike 18 U.S.C. § 3592(c)(6) as unconstitutional under the Fifth and Eighth Amendments is denied.

### III. Constitutionality of Non–Statutory Aggravating Factors

The government has notified Chanthadara that it intends to prove eight non-statutory aggravating factors at the sentencing phase of trial (Doc. 47 at 3–4). Chanthadara makes several arguments attacking the constitutionality of the non-statutory aggravating factors in general. The court will address each of them in the order presented.

### A. Eighth Amendment

■ Chanthadara contends that the federal capital scheme violates the Fifth and Eighth Amendments because allowing the jury to weigh non-statutory aggravating factors defined by the government creates the risk of an arbitrary death sentence (Doc. 124 at 5–7). The court addressed this same argument in the related case in its Order of May 9, (No. 94–10129), section IV.B.4. at 20, and incorporates that discussion here.

Accordingly, Chanthadara's motion to strike the non-statutory aggravating factors as unconstitutional under the Fifth and Eighth Amendments is denied.

### B. Proportionality Review

■ Chanthadara argues that the federal capital scheme is unconstitutional because it allows the jury to weigh non-statutory aggravating factors without the accompanying procedural safeguard of proportionality review (Doc. 124 at 7–9). The court addressed this same argument in the related case in its Order of May 9, (No. 94–10129), section IV.B.2. at 17–19, and incorporates that discussion here.

Accordingly, Chanthadara's motion to strike the non-statutory aggravating factors based on a lack of proportionality review is denied.

---

**3.** For a general overview of the death penalty statutes at issue here, *see* Order of May 9, (No. 94–10129), section I. at 4–6.

### C. Non–Delegation Doctrine

█ Chanthadara argues that allowing the government to define the non-statutory aggravating factors amounts to an unconstitutional delegation of legislative power to the executive branch (Doc. 124 at 9–11). The court addressed this same argument in the related case in its Order of May 9, (No. 94–10129), section IV.B.1. at 16–17, and incorporates that discussion here.

Accordingly, Chanthadara's motion to strike the non-statutory aggravating factors for violating the non-delegation doctrine is denied.

### D. Ex Post Facto Clause

█ Chanthadara argues that allowing the government to define the non-statutory aggravating factors after the crime violates the *Ex Post Facto* Clause (Doc. 124 at 11–12). The court addressed this same argument in the related case in its Order of May 9, (No. 94–10129), section IV.B.3. at 19–20, and incorporates that discussion here.

Accordingly, Chanthadara's motion to strike the non-statutory aggravating factors for violating the *Ex Post Facto* Clause is denied.

### IV. Propriety of Specially Alleged Non–Statutory Aggravating Factors

In its notice of intent to seek the death penalty, the government alleged the following non-statutory aggravating factors:

1. The defendant, BOUNTAEM CHANTHADARA, did intentionally kill Barbara Sun;

2. The defendant, BOUNTAEM CHANTHADARA, did intentionally inflict serious bodily injury that resulted in the death of Barbara Sun;

3. The defendant, BOUNTAEM CHANTHADARA, did intentionally participate in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Barbara Sun died as a direct result of the act;

4. The defendant, BOUNTAEM CHANTHADARA, did intentionally and specifically participate in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Barbara Sun died as a direct result of the act.

5. The defendant has a lack of remorse for his participation in the murder of Barbara Sun;

6. The defendant represents a continuing danger to the lives and safety of others in the future as is evidenced by his past criminal conduct which was escalating in severity;

7. The defendant caused permanent harm to the family of Barbara Sun by her murder which was committed in close proximity to her husband and two daughters;

8. The defendant has a low potential for rehabilitation[.]

(Doc. 47 at 3–4).

█ Although Chanthadara's motion did not attack the propriety of the specific non-statutory factors, the court is compelled to address two issues that arise from the factors alleged. First, in light of the substantial overlap between the factors alleged here and those alleged in the related case, the court's discussion in its Order of May 9, (No. 94–10129), section V. at 20–34, is highly relevant. Specifically, in the related case, the court held that the "low potential for rehabilitation" factor was improperly duplicative, and could not be separately alleged. Order of May 9, (No. 94–10129), section V.E. at 32–34. The court sees no reason why the same analysis would not apply here, and finds that the eighth factor should be stricken from the death notice.[4]

█ Second, the first four non-statutory factors in the government's notice allege the

---

4. Out of fairness to the government, however, the court offers it the opportunity to file objections within ten days of the filing date of this memorandum and order, showing cause why the eighth factor should not be stricken. If the government files objections, Chanthadara will have an additional ten days to reply.

four "gateway" mental states listed at 18 U.S.C. § 3591(a)(2)(A)–(D). While the court held in the related case that it was entirely proper to allege a mental state as a nonstatutory aggravating factor, Order of May 9, (No. 94–10129), section V.A. at 21–27, it did *not* hold that the government could allege *more than one* mental state as aggravating factors. In light of the holding in *McCullah*, 76 F.3d at 1111–12, regarding duplicative mental states, the court will not allow the government to submit overlapping mental states to the jury as separate aggravating factors.

### V. Evidentiary Standard for the Sentencing Hearing

 Chanthadara argues that the relaxed evidentiary standards for the sentencing hearing, *see* 18 U.S.C. § 3593(c), render the statute unconstitutional because they fail to ensure the requisite heightened reliability required by the Eighth Amendment (Doc. 124 at 12–14). The court addressed this same argument in the related case in its Order of May 9, (No. 94–10129), section IX. at 39–42, and incorporates that discussion here.

Accordingly, the court finds that 18 U.S.C. § 3593(c) is constitutional, and Chanthadara's motion is denied.

### VI. Cruel and Unusual Punishment

Chanthadara argues that the death penalty is cruel and unusual punishment violating the Fifth and Eighth Amendments in all circumstances (Doc. 124 at 16–17). The court addressed this same argument in the related case in its Order of May 9, (No. 94–10129), section XI. at 44, and incorporates that discussion here.

Accordingly, Chanthadara's motion to strike the death notice as cruel and unusual punishment is denied.

### Discovery and Bill of Particulars Regarding the Government's Evidence in Support of the Aggravating Factors

Chanthadara repeats most of the same discovery requests he made regarding the guilt phase of trial, tracking the language of Fed. R.Crim.P. 16 (Docs. 127, 128). The court addressed these same requests and arguments in the related case in its Order of May 9, (No. 94–10129), section II. at 48–53, and incorporates that discussion here.

Accordingly, Chanthadara's motion for pre-trial discovery of the government's evidence in support of the aggravating factors is denied.

Chanthadara also requests a bill of particulars regarding the evidence supporting the aggravating factors (Docs. 125, 126). The court addressed these same requests in the related case in its Order of May 9, (No. 94–10129), section II. at 53–54, and incorporates that discussion here.

Accordingly, Chanthadara's motion for a bill of particulars is denied.

IT IS SO ORDERED.